**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-51-TLS |
| | ) | |
| KELTON D. ANDERSON | ) | |

**OPINION AND ORDER**

On February 25, 2008, the Court sentenced the Defendant, Kelton D. Anderson, to the mandatory minimum of 60 months imprisonment for his possession with intent to distribute 17.93 grams of crack cocaine because the statutorily required minimum of 60 months was greater than the maximum of the Defendant's applicable guideline range. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The Defendant later petitioned the Court to reduce his sentence pursuant retroactive amendments to the Guidelines, *see* 18 U.S.C. § 3582(c)(2), but the Court denied his request because the applicable Guideline sentence was still 60 months pursuant to U.S.S.G. § 5G1.1(b). This matter is again before the Court on the Defendant's request for a sentence modification. (Mot. for Modification of Sentence Under U.S.S.G. 1B1.10, ECF No. 46.)

District courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Once a district court sentences a criminal defendant, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *Id.* (citing *Carlisle v. United States*, 517 U.S. 416 (1996)); *see also* 18 U.S.C. § 3582(c) (prohibiting district courts from modifying a term of imprisonment once it has been imposed but outlining a few exceptions). The exception in § 3582(c)(2) provides that "[i]n the

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o ) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). "If that first condition is not met, a district court lacks subject-matter jurisdiction to consider the movant's request for a sentence reduction under § 3582(c)(2)." *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (citing *United States v. Poole*, 550 F.3d 676, 678–80 (7th Cir. 2008); *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008)).

The court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced" and leave "all other guidelines application decisions unaffected." U.S.S.G. § 1B1.10 Here, the Defendant's applicable guideline range has not been subsequently lowered because § 5G1.1(b) still demands that the statutorily required minimum sentence shall be the guideline sentence, and the statutorily required term of imprisonment at the time of the Defendant's sentence was 5 years. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) (stating that a court cannot grant a reduction if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum term of imprisonment); *cf. United States v. Wren*, 706 F.3d 861, 863–64 (7th Cir. 2013) (noting that when the original Guideline range calculation entailed the use of § 5G1.1 to tie the range to the statutory minimum sentence, the statutory minimum continues to govern after a retroactive change). Although the Fair Sentencing Act (FSA) "increased the drug amounts

2

triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum," *Dorsey v. United States*, 132 S.Ct. 2321, 2329 (2012); *see* 21 U.S.C. § 841, more lenient statutory penalties under the FSA only apply to pre-Act offenders if they were sentenced after the FSA took effect on August 3, 2010. *Id.* at 2331–35. The Defendant was sentenced on February 25, 2008.

For the reasons stated above, the Court DENIES the Defendant's Modification of Sentence Under U.S.S.G. 1B1.10 [ECF No. 46] for lack of subject matter jurisdiction.

SO ORDERED on October 23, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT